IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GREG ALLEN ZINDELL, | CV 23-74-GF-DWM |
| Petitioner, | |
| vs. | ORDER |
| WARDEN JIM SALMONSEN, ATTORNEY GENERAL AUSTIN KNUDSEN, | |
| Respondents. | |

On November 22, 2023, state pro se petitioner Greg Allen Zindell

("Zindell"), filed an application under 28 U.S.C. § 2254, seeking habeas corpus

relief. (Doc. 1 at 8.) Zindell was subsequently granted leave to proceed in forma

pauperis.

On December 18, 2023, an order issued directing Zindell to show cause as to

why the matter should not be dismissed as untimely and procedurally defaulted.

(Doc. 5.) Zindell was informed that a failure to make and adequate showing as to

either issue or a failure to respond would result in dismissal of the petition. (*Id.* at

7, 10-11.) The order explained in detail, the showings Zindell would be required to

1

make in order for his claims to be considered. Zindell had until February 18, 2024, to file his response; he failed to respond. *See e.g.*, (*Id.* at 10.) On March 12, 2024, the matter was dismissed for failure to prosecute. (Doc. 6.) Judgment was entered the same day. (Doc. 7.)

On March 20, 2024, Zindell filed a motion for reconsideration. (Doc. 8.) Zindell appeared to be confused about the procedural posture of this matter as it related to another case he had on appeal before the Ninth Circuit, *Zindell v. Salmonsen*, No. 23-3572. Based upon his motion, it seemed Zindell believed his response to a Circuit order may have also been sufficient to comply with the show cause order issued in this matter. *See e.g.*, (Doc. 8 at 1-2)(discussing his Ninth Circuit response). While Zindell did not provide a legal basis for his motion, given his apparent confusion and out of an abundance of caution, Zindell was granted relief from the dismissal under Federal Rule of Civil Procedure 60(b). *See generally*, (Doc. 9.) The matter was reopened and Zindell was provided one final opportunity to demonstrate cause for his late filing and defaulted claims. (*Id.*) Zindell timely responded. (Doc. 10.) The matter was subsequently reassigned to the undersigned. (Doc. 11.)

This Court is required to screen all actions brought by prisoners who seek relief. 28 U.S.C. § 1915(a). A habeas petition or portion thereof must be dismissed if the prisoner raises claims that are legally frivolous or fails to state a

basis upon which relief may be granted.  28 U.S.C. § 1915A(b)(1), (2).  A habeas

petition must be dismissed "[i]f it plainly appears from the petition and any

attached exhibits that the petitioner is not entitled to relief."  *See*, Rule 4, Rules

Governing Section 2254 Cases.  For the reasons discussed herein, Zindell's

petition will be dismissed as untimely.

### I.     Factual/Procedural History

In 2013, following a jury trial in Montana's Eighth Judicial District, Cascade

County, Zindell was convicted of Sexual Intercourse without Consent.  (Doc. 1 at

2-3.)  Following trial, Zindell retained and new counsel, Megan Lulf Sutton ("Lulf

Sutton"), to represent him at sentencing.  The district court sentenced Zindell to

30-years at the Montana State Prison, with 10 of the years suspended.  (*Id.* at 3.)

Zindell filed a direct appeal, represented by Lulf Sutton.  The appeal was

subsequently dismissed, upon Zindell's own motion.  He indicated he wished to

seek postconviction review, rather than a direct appeal.  (Doc. 1 at 3); *see also*

*Zindell v. Montana*, DA 23-0021, 2023 MT 116N, at ¶ 4)(Mont. Aug. 29, 2023).

Shortly after he filed his notice of appeal in the criminal case, Zindell also

filed an Application for Review with the Montana Sentence Review Division.  *See*,

(Doc. 10-1 at 44, Doc. Seq. 123.)  Zindell's hearing with the SRD was vacated on

July 2, 2014. (*Id.* at 44, Doc. Seq. 129); *see also*, Pet. (Doc. 1 at 3, ¶ 7.)

On June 3, 2014, while still represented by Lulf Sutton, Zindell filed a

petition for postconviction relief in the state district court. (Doc. 1 at 4); *see also*,

(Doc. 10-1 at 45.) There Zindell argued his trial counsel, Carl Jensen ("Jensen"),

was ineffective for failing to provide him with guidance regarding the three

separate plea offers made by the State. *See e.g., Zindell v. Montana*, 2023 MT

116N, ¶ 5. The State responded and provided an affidavit from Jensen. On

November 19, 2014, the district court held a hearing on Zindell's ineffective

assistance of counsel claim. Both Zindell and Jensen testified at the hearing. *See*

*e.g., Zindell v. State*, DA 15-0185, Appellee Resp., at 4-11 (filed April 29, 2016).[1]

The district court ultimately denied the petition.

Zindell appealed the denial of postconviction relief. The Montana Supreme

Court affirmed the lower court's decision on September 6, 2016. *Id.*; *see also*

*Zindell v. State*, 2016 MT 22N, 385 Mont. 541.

On May 20, 2017, Zindell filed a second postconviction petition. *See Zindell*

*v. State*, 2023 MT 166N, ¶ 6. There Zindell raised fourteen claims relating to: trial

counsel's performance, evidentiary rulings made by the district court, and claims

against Lulf Sutton pertaining to her representation during his initial

postconviction proceedings. Due to improper service, the State was not made

aware of the petition until two years later when Zindell filed an amended petition.

---

[1] Available at Montana Supreme Court website: https://supremecourtdocket.mt.gov/ (accessed
October 8, 2024).

*Id.* He also filed a pleading outlining "newly discovered evidence" in the form of an affidavit from an ex-doctor that Zindell had met in prison, Chris Christensen ("Christensen"). *Id.* at ¶ 7. Christensen opined that evidence admitted during trial did not corroborate the victim's account of events. *Id.* The district court denied Zindell's second petition finding it was time-barred, raised issues that could have been raised in his initial petition, and contained no newly discovered evidence. *Id.* at ¶ 8. The Montana Supreme Court affirmed the denial of the petition.

The Court found that while Zindell's first petition was timely, the second petition was filed three years late and was time-barred under MCA § 46-21-102(1).[2] *Id.* at ¶ 10. Even if the petition had been timely, however, the Court determined Zindell was attempting to raise claims that should have been raised in his first petition. *Id.*, citing MCA § 46-21-105(1)(a). The Court next noted the Christensen opinion was not "newly discovered" evidence but constituted an additional analysis of evidence that was available to Zindell at the time of trial. Zindell also attempted to raise claims in his second petition that could have been raised on direct appeal and were, accordingly, precluded from postconviction review. *Id.* at ¶ 12. Finally, the Court held Zindell was statutorily barred from claiming ineffective assistance of postconviction counsel in a second

---

[2] This statute provides that a petition for postconviction relief "may be filed at any time within 1 year of the date that the conviction becomes final."

postconviction petition. *Id.* at ¶ 12, *citing* MCA § 46-21-105(2). The Court affirmed the lower court's dismissal of Zindell's petition.

In his present petition, Zindell asserts:

(1) Trial counsel Jensen lied to the district court, (Doc. 1 at 4);

(2) Appellate counsel provided ineffective assistance for failing to pursue the direct appeal;  (*id*. at 5);

(3) A gross miscarriage of justice has occurred because he is actually innocent. (*Id*. at 9.)

Zindell asks this Court to set aside his sentence and restore all of his civil liberties.  (*Id*. at 7.)

## II.    Analysis

As explained herein, Zindell's federal petition is untimely.  Because he has not demonstrated adequate cause to excuse his late filing, the matter will be dismissed.

### A.    Statute of Limitations

A threshold issue for the Court is whether these proceedings are time-barred by the applicable statute of limitations.  The time-bar issue is to be resolved before considering other procedural issues or the merits of any habeas claim.  *See White v. Klitzkie*, 281 F. 3d 920, 921-22 (9th Cir. 2022).

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") provides that a one-year limitations period applies to petitions filed by state

prisoners under 28 U.S.C. § 2254. *See* 28 U.S.C. § 2244. Absent a reason to apply

one of the other "trigger" dates in 28 U.S.C. § 2244(d)(1),[3] Zindell's federal

petition had to be filed within one year of the date his conviction became final. 28

U.S.C. § 2244(d)(1)(A).  A conviction becomes final upon conclusion of direct

review.  *Id.*

     The Montana Supreme Court entered an order granting Zindell's motion to

dismiss his appeal on November 1, 2013.  This normally would be the date on

which his judgment became final.  As noted above, however, Zindell had applied

for review of his sentence with the Sentence Review Division.

     In his response to the show cause order, Zindell cited to *Rogers v. Ferriter*,

796 F. 3d 1009 (9th Cir. 2015), in support of his position that he is entitled to

statutory tolling.  In *Rogers*, the Ninth Circuit considered the application of

Montana's Sentence Review Division procedures.  There, the Circuit determined

that the petitioner's Sentence Review Division application was "pending" during

the period that the Montana Supreme Court held it in abeyance, such that it

statutorily tolled the federal limitations period.  *Rogers*, 796 F. 3d at 1015-16.

---

[3] The limitations period under 2244(d)(1) is triggered and begins to run from the latest of: (A) the date on which the underlying judgment became final through either the conclusion of direct review or the expiration of the time for seeking such review; (B) the date on which any impediment to the filing of a federal petition created by unconstitutional state action is removed; (C) the date on which a newly recognized and retroactively applicable constitutional right was first recognized by the United States Supreme Court; or (D) the date on which the factual predicate underlying a claim could have been discovered through the exercise of due diligence. 28 U.S.C. § 2244(d)(1)(A)-(D).

Notably, in the wake of *Rogers*, the Sentence Review Division changed the manner in which it processed applications and generally discontinued holding applications in abeyance. Zindell's application was filed prior to *Rogers* being decided and it stands to reason that he is entitled to tolling while his application was "pending." The application remained pending until Zindell moved to vacate those proceedings in July of 2014.

Prior to vacating the SRD proceedings, on June 3, 2014, Zindell had filed his first postconviction petition. *See,* (Doc. 10-1 at 45.) The Montana Supreme Court affirmed the denial of the petition on September 6, 2016. *See*, *Zindell v. State*, 2016 MT 22N, 385 Mont. 541. Federal time is tolled while a state prisoner has a "properly filed application for State postconviction or other collateral review" pending in state court. 28 U.S.C. § 2244(d)(2). Accordingly, at the time Zindell filed his first postconviction petition, his federal timeclock continued to be tolled. On September 6, 2016, the Montana Supreme Court affirmed the denial of Zindell's first postconviction petition. Additionally, in the interim, Zindell's Sentence Review Division proceedings had been vacated, and no further tolling applied relative to those proceedings.

Thus, Zindell's federal filing period began running on Wednesday September 7, 2016. Accordingly, he had 1-year from that date within which to file his federal habeas petition under the timeline proscribed by AEDPA. Zindell

8

should have filed in this Court on or before Thursday, September 7, 2017. As set forth above, however, he did not file his federal petition until November 22, 2023; more than six years too late.

To the extent that Zindell believes he is entitled to statutory tolling during the time during which his second postconviction petition was pending before the state courts, *see e.g.*, (Doc. 10 at 9), he is mistaken. Only "properly filed" applications toll the statute of limitations. *See*, 28 U.S.C. § 2244(d)(2).

An application is "properly filed" when "its delivery and acceptance are in compliance with the applicable laws and rules governing filings. These usually provide "the form of the document, the time limits upon its delivery, the court and office in which it must be lodged, and the requisite filing fee." *Artuz v. Bennett*, 531 U.S. 4, 8 (2000). "When a post-conviction petition is untimely under state law, that is the end of the matter for purposes of §2244(d)(2)." *Pace v. DiGuglielmo*, 544 U.S. 408, 414 (2005)(internal quotation marks omitted).

Zindell's second postconviction petition was deemed untimely pursuant to Mont. Code Ann. § 46-21-102(1). Because his application was denied as untimely by the state courts, it was not "properly filed" for purposes AEDPA. *Pace*, 544 U.S. at 417. Or, put another way, Zindell's untimely second postconviction proceedings had no statutory tolling effect on the federal statute of limitations. And even though the state courts found that there were additional and alternative

Case 4:23-cv-00074-DWM   Document 12   Filed 10/15/24   Page 10 of 20

grounds precluding relief during the second postconviction proceedings, the ruling that Zindell's filing was untimely prevents it from being considered "properly filed." *See, Carey v. Saffold*, 536 U.S. 214, 225-26 (2002).

Zindell is not entitled to statutory tolling relative to his second state postconviction petition. His conviction became final within the meaning of AEDPA on September 6, 2016. His untimely second postconviction filing did not toll or pause the statute of limitations. Accordingly, these proceedings are untimely unless Zindell demonstrates that equitable tolling and/or the actual innocence gateway apply to render his petition timely filed.

**B.    Equitable Tolling**

The U.S. Supreme Court has held "that § 2244(d) is subject to equitable tolling in appropriate cases." *Holland v. Florida*, 560 U.S. 631, 645 (2010). AEDPA's limitations period may be equitably tolled because it is a statute of limitations, not a jurisdictional bar. *Id.* at 645-46. A petitioner bears the burden of establishing that equitable tolling is warranted. *Pace*, 544 U.S. at 418; *Rasberry v. Garcia*, 448 F.3d 1150, 1153 (9th Cir. 2006) ("Our precedent permits equitable tolling of the one-year statute of limitations on habeas petitions, but the petitioner bears the burden of showing that equitable tolling is appropriate.").

The Ninth Circuit Court of Appeals will permit equitable tolling of AEDPA's limitations period "only when an extraordinary circumstance prevented a

petitioner acting with reasonable diligence from making a timely filing." *Smith v. Davis*, 953 F.3d 582, 600 (9th Cir. 2020) (en banc). For equitable tolling to apply, a petitioner must show "(1) that he has been pursuing his rights diligently and (2) that some extraordinary circumstance stood in his way" to prevent him from timely filing a federal habeas petition. *Holland*, 560 U.S. at 649 (quoting *Pace*, 544 U.S. at 418). To meet the first prong, Zindell "must show that he has been reasonably diligent in pursuing his rights not only while an impediment to filing caused by an extraordinary circumstance existed, but before and after as well, up to the time of filing his claim in federal court." *Smith*, 953 F.3d at 598-99. The second prong is met "only when an extraordinary circumstance prevented a petitioner acting with reasonable diligence from making a timely filing." *Id.* at 600. The burden of establishing grounds that warrant equitable tolling rests with the prisoner. *Pace*, 544 U.S. at 418.

As equitable tolling grounds, Zindell points to Lulf Sutton's representation and purported attorney error on her part. He claims first that she convinced him to withdraw his direct appeal, because there were no appealable issues. (Doc. 10 at 5.) He believes this advice constituted not only ineffective assistance of counsel, but also amounts to an "extraordinary circumstance" that prevented him from timely filing. (*Id.* at 6-7, 10.) Zindell also indicates that there were claims he believed should have been raised against trial counsel in his original postconviction

petition, but despite his suggestion, they were excluded. (*Id*. at 7, 13.)

A habeas petitioner's attorney is generally his "agent," and "[u]nder 'well-settled' agency law, the principal bears the risk of his agent's negligent conduct." *Maples v. Thomas*, 565 U.S. 266, 267 (2012)(*quoting Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).  Generally, even if counsel engages in misconduct, such as failure to act in a timely manner, a court is not permitted to overlook the untimeliness of a petition. *See Gibbs v. Legrand*, 767 F. 3d 879, 885 (9th Cir. 2014).  There are exceptions, however, to this rule.  If counsel's actions rise to the level of egregious professional misconduct, a habeas petitioner may be entitled to equitable tolling. *See Holland*, 560 U.S. at 651-52; *Luna v. Kernan*, 784 F. 3d 650, 648 (9th Cir. 2015)(noting that petitioner's counsel acted in an "utterly deficient and unprofessional manner" and the mistakes made were not run-of-the-mill and were "far enough outside the range of behavior that reasonably could by expected in a typical case.")

To determine whether equitable tolling based upon attorney error is appropriate, courts are to consider the gravity of counsel's errors.  Equitable tolling is not available for "garden variety" negligence. *See Holland*, 560 U.S. at 651-52. To obtain equitable tolling based on attorney error, a petitioner must show that his attorney's misconduct constituted an "extraordinary circumstance" and that the misconduct caused the late filing. *Id*. at 653.

Turning the facts of this case, Zindell has not shown that his attorney erred, much less that her performance constituted misconduct or even negligence. Zindell asserts that Lulf Sutton wrongfully convinced him to dismiss his direct appeal. In the documents filed with his response to the show cause order, Zindell provides a copy of the motion to dismiss the direct appeal filed with the Montana Supreme Court. (Doc. 10-1 at 2-3.) Interestingly, he omits the page of the motion that contains his signature. A review of the original motion[4] reveals that Zindell signed the motion, thus, providing his affirmative consent to withdrawing the appeal.

Moreover, the decision to dismiss the direct appeal was grounded in a valid legal basis. All of the claims that Zindell apparently sought to advance, at least at that juncture in time, were aimed at the performance of his trial counsel, Jensen. *See e.g.*, (Doc. 10-1 at 8-20)(correspondence from Zindell to Lulf Sutton discussing Jensen's representation). As set forth above, the claim that was ultimately presented in postconviction proceedings was that Jensen provided ineffective assistance of counsel to Zindell during plea negotiations. The Montana Supreme Court generally does not address non-record-based ineffective assistance of counsel claims on direct appeal. *See State v. Pelletier*, 2020 MT 249, ¶ 39, 401

---

[4] For purposes of clarity, a copy of the original motion lodged with the Montana Supreme Court will be attached as an exhibit to this order.

13

Mont. 454, 473 P. 3d 991 (collecting cases). Because such claims are not
amenable to review on direct appeal, they are routinely dismissed on appeal
without prejudice to allow an individual to timely file a petition for postconviction
review under Title 46, chapter 21, MCA. *Id.*, *citing State v. Fender*, 2007 MT 268,
¶ 9, 339 Mont. 395, 170 P. 3d 971. Thus, the dismissal of the direct appeal, in
order to allow Zindell to timely file his ineffective assistance of counsel claim in a
postconviction petition, comported with settled Montana law.

And although Zindell may have believed other claims regarding Jensen's
performance should have been presented in the postconviction petition, Lulf Sutton
was under no duty to "raise every colorable claim" suggested by Zindell, especially
where, in her judgment, the issues had little or no likelihood of success. *Jones v.
Barnes*, 463 U.S. 745, 751-53 (1983). In his postconviction petition, Zindell
argued that Jensen was ineffective for not fully advising him relative to the plea
offers made. The most favorable of the three offers was for a 6-year commitment
to the Montana Department of Corrections, with 4 of the years suspended, a much
more lenient sentence than the 20-year prison commitment Zindell actually
received following trial. Zindell argued in postconviction that the appropriate
remedy, based upon Jensen's purported failure to adequately advise, was to
reinstate the State's most lenient plea offer. *See e.g., Zindell*, DA 15-0185,
Appellee Resp., at 4-7. Had the district court accepted Zindell's argument and

granted postconviction relief in the manner suggested, Zindell likely would have been eligible for release from custody following his postconviction proceedings.

Winnowing out weak arguments on appeal is a hallmark of effective advocacy, not an indicator of ineffectiveness. *Smith v. Murray*, 477 U.S. 527, 536 (1986); *see also Miller v. Keeney*, 882 F. 2d 1428, 1434 (9th Cir. 1989). Although those cases relate to constitutional obligations of appellate counsel, the same principles apply here. Lulf Sutton reasonably raised what she deemed to be the strongest argument for Zindell in his original postconviction petition. Unfortunately, following a response from the State, an evidentiary hearing, and an appeal therefrom, Zindell did not prevail. He has not shown, however, that Lulf Sutton engaged in egregious misconduct that constituted an "extraordinary circumstance" for purposes of equitable tolling. Nor was Zindell entitled to a second bite at the postconviction apple, via a successive and/or untimely postconviction petition.

Even assuming that Zindell could show he has exercised diligence, he cannot establish an extraordinary circumstance. Accordingly, he fails to meet a requisite prong. Thus, equitable tolling it is not appropriate on this record. Zindell cannot avail himself of the equitable tolling doctrine in order to render his petition timely.

//

C.    **Actual Innocence**

In *McQuiggin v. Perkins*, 569 U.S. 383, 391-396 (2013), the Supreme Court held that the "actual innocence gateway" to federal habeas review that applies to procedural bars in *Schlup v. Delo*, 513 U.S. 298, 327 (1995), and *House v. Bell*, 547 U.S. 518 (2006), extends to petitions that are time-barred under AEDPA. *See Schlup*, 513 U.S. at 329 (petitioner must make a credible showing of "actual innocence" by "persuad[ing] the district court that, in light of the new evidence, no juror, acting reasonably, would have voted to find him guilty beyond a reasonable doubt.").

A petitioner claiming actual innocence must satisfy the *Schlup* standard by demonstrating "that it is more likely than not that no reasonable juror would have convicted him in the light of the new evidence." *Lee v. Lampert*, 653 F. 3d 929, 938 (9th Cir. 2011)(en banc). In the federal habeas context "actual innocence" means "factual innocence, not mere legal insufficiency." *Bousley v. United States*, 523 U.S. 614, 623 (1998); *Sawyer v. Whitley*, 505 U.S. 333, 339 (1992). To make a credible claim of actual innocence, petitioner must produce "new reliable evidence – whether it be exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence – that was not presented at trial." *Schlup,* 513 U.S. at 324. The habeas court then considers all the evidence: old and new, incriminating and exculpatory, admissible at trial or not. *House*, 547 U.S. at 538.

On this complete record, the court makes a "probabilistic determination about what reasonable, properly instructed jurors would do." *Id.* (quoting *Schlup*, 513 U.S. at 330).

The miscarriage of justice exception "is limited to those *extraordinary* cases where the petitioner asserts his [actual] innocence and establishes that the court cannot have confidence in the contrary finding of guilt." *Johnson v. Knowles*, 541 F. 3d 933, 937 (9th Cir. 2008)(emphasis in original). "[A] credible showing of actual innocence may allow a prisoner to pursue his constitutional claims [ …] on the merits notwithstanding the existence of a procedural bar to relief." *McQuiggin,* 569 U.S. at 392. "This rule, or fundamental miscarriage of justice exception, is grounded in the 'equitable discretion' of habeas courts to see that federal constitutional errors do not result in the incarceration of innocent persons." *Id.* (quotations omitted). The Supreme Court has explicitly stated that the miscarriage of justice exception "applies to a severely confined category" cases in which new evidence shows 'it is more likely than not that no reasonable juror would have convicted the petitioner.'" *McQuiggin*, 569 U.S. at 395 (quotations and citations omitted).

In support of his claim of actual innocence, Zindell provides the Affidavit of Dr. Christensen, which is attached to his response. *See,* (Doc. 10-1 at 24-25.) He suggests the Affidavit, read in conjunction with the victim's medical examination

report ("SANE exam"), (*id.* at 26-38),  demonstrates the overall evidentiary weaknesses of the SANE exam.  According to Zindell, this includes the fact that victim had "no injuries." Zindell believes that had he been allowed to present such testimony at trial, a jury could have been able to find him innocent.  (Doc. 10 at 8-9, 11.) Zindell further posits that because no photos were taken of the victim during the SANE exam, including those showing damage or injury caused by Zindell, consent necessarily has been proven.  (Doc. 10 at 11.)

But Zindell has presented no new evidence or information to this Court that would establish that he is actually innocent of the offense of Sexual Intercourse without Consent, aside from his own conclusory assertion of innocence. Christensen's affidavit, provided 10-years after the initial SANE exam was performed, establishes that Christensen is of the opinion that Dr. Vegas performed a "cursory" examination, and he concludes that the 2011 SANE exam provided was below the standard of care.  But this is not new reliable scientific evidence that could not have been provided at trial.  As the Montana Supreme Court observed, "it is merely an additional analysis of evidence that was already available to Zindell at the time of trial." *Zindell*, 2023 MT 166N, ¶ 11, *citing Crabtree v. State*, 2022 MT 133, ¶ 20, 409 Mont. 211, 512 P. 3d 1187.  Accordingly, this is not the extraordinary case where Zindell has presented compelling evidence of his actual innocence. *See Schlup*, 513 U.S. at 321.

Zindell's assertions and conjecture at this late date, and an opinion relative

to the 2011 medical report, do not constitute conclusive evidence of innocence, nor

has he shown that no reasonable juror could have convicted him in light of this

"new" evidence. *See McQuiggin*, 569 U.S. at 399.  Because Zindell has failed to

meet his burden, he is not entitled to an equitable exception to the statute of

limitations.  The petition remains untimely.  Accordingly, this matter will be

dismissed with prejudice.

### III.   Certificate of Appealability

"The district court must issue or deny a certificate of appealability when it

enters a final order adverse to the applicant."  Rule 11(a), Rules Governing § 2254

Proceedings.  A COA should issue as to those claims on which the petitioner

makes "a substantial showing of the denial of a constitutional right."  28 U.S.C. §

2253(c)(2).  The standard is satisfied if "jurists of reason could disagree with the

district court's resolution of [the] constitutional claims" or "conclude the issues

presented are adequate to deserve encouragement to proceed further."  *Miller-El v.*

*Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484).  Where a claim

is dismissed on procedural grounds, the court must also decide whether "jurists of

reason would find it debatable whether the district court was correct in its

procedural ruling."  *Gonzalez v. Thaler*, 656 U.S. 134, 140-41 (2012) (quoting

*Slack*, 529 U.S. at 484).

Zindell has not made a substantial showing that he was deprived of a constitutional right.  He has failed to make a colorable claim of equitable tolling or actual innocence.  Accordingly, his is petition time barred.  Reasonable jurists would find no basis to encourage further proceedings.  A certificate of appealability will be denied.

Based on the foregoing, IT IS ORDERED that:

1.  The Petition (Doc. 1) is DISMISSED with prejudice.

2.  The Clerk of Court is directed to enter by separate document a judgment in favor of Respondents and against Petitioner.

3.  The Clerk of Court is directed to attach a copy of the 11/1/13 "Motion to Dismiss Appeal," filed in *Zindell v. State*, Case No. DA-13-0549, as an attachment to this Order.

4.  A certificate of appealability is DENIED.

DATED this ⟨15⟩ day of October, 2024.

Donald. W. Molloy, District Judge
United States District Court