IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| GREG ALLEN ZINDELL, | Cause No. CV 23-74-GF-DWM |
| Petitioner, | |
| vs. | ORDER |
| WARDEN JIM SALMONSEN, ATTORNEY GENERAL AUSTIN KNUDSEN, | |
| Respondents. | |

On October 15, 2024, Petitioner Zindell's 28 U.S.C. § 2254 habeas petition was dismissed. Zindell's petition was found to be filed more than six years late. It was further determined that Zindell was not entitled to equitable tolling, and that he had failed to establish his actual innocence or that a miscarriage of justice would result from a failure to consider his claims. The matter was dismissed and a certificate of appealability was denied. *See generally*, (Doc. 12.)

Zindell filed a motion for reconsideration pursuant to Federal Rule of Civil Procedure 59(e). (Doc. 14.) It was determined that Zindell failed to meet the high bar to warrant alteration or amendment. He presented arguments that were previously considered and rejected in the dismissal order. Zindell also failed to

1

present newly discovered evidence or show a change in controlling law to support his position. In short, Zindell did not present argument to cause a "substantive change of mind" or establish that the dismissal was manifestly unjust. (*Id*. at 4-5)(citing *McDowell v. Calderon*, 197 F. 3d 1253, 1255 (9th Cir. 1999)(en banc)(per curiam)). Zindell's Rule 59(e) motion to alter or amend the judgment was denied on November 19, 2024.

The Ninth Circuit Court of Appeals denied Zindell's request for a certificate of appealability on March 28, 2025. *See*, (Doc 19.)

Zindell again seeks relief from the judgment, this time pursuant to Fed. R. Civ. P. 60(b). (Doc. 20 at 5.) Zindell suggests the prior dismissal of his petition was made mistakenly or due to inadvertence, justifying relief under Rule 60(b)(1), or that it involved extraordinary circumstances, mandating dismissal under the general provisions of Rule 60(b)(6). (*Id*.)

In support of his position, Zindell believes he should have been entitled to tolling for the time that his second state petition for postconviction relief was pending, (*id*. at 6-8), and that there was conflicting and uncorroborated medical evidence presented at trial. (*Id*. at 6-12.) Additionally, Zindell suggests he has had difficulty filing a petition for writ of certiorari with the United States Supreme Court and that the equitable provisions of Rule 60 should be available to provide him relief. (*Id*. at 14-15); *see also*, (Doc. 20-1 at 10-11.) Zindell faults his

2

appellate counsel for voluntarily dismissing his direct appeal so that he could pursue postconviction relief. Despite signing a form for voluntary dismissal of his direct appeal, *see*, (Doc. 12-1 at 2), Zindell insists that he wished to pursue relief on appeal and was improperly influenced by his attorneys. (Doc. 20 at 15-17.)

Reconsideration is "an extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources.'" *Kona Enters., Inc. v. Estate of Bishop*, 229 F. 3d 877, 890 99th Cir. 2000)(quotation omitted). Rule 60(b) allows the Court to relieve a party from an order in several narrow circumstance, including "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud, misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacate or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief." Fed. R. Civ. P. 60(b).

It is unclear what mistake or inadvertence Zindell believes may have occurred in the present matter. Instead, he rehashes arguments related to his trial proceedings and evidentiary challenges which have already been considered and rejected. The medical evidence he references is not newly discovered, nor does it establish his actual innocence.

3

Under Rule 60(b)(6) a motion must be filed "within a reasonable time." Fed. R. Civ. P. 60(c)(1). Relief may only be granted where the petitioner has diligently pursued review of his claims. *Lehman v. United States*, 154 F. 3d 1010, 1017 (9th Cir. 1998)("Neglect or lack of diligence is not to be remedied through Rule 60(b)(6)."). Additionally, a movant seeking relief under Ruled 60(b)(6) must show "extraordinary circumstances" justifying reopening a final judgment. *Ackerman v. United States*, 340 U.S. 193, 199 (1950). The Ninth Circuit cautioned this rule is to be "used sparingly as an equitable remedy to prevent manifest injustice and is to be utilized only where extraordinary circumstances prevented a party from taking timely action to prevent or correct an erroneous judgment." *Latshaw v. Trainer Wortham & Co., Inc.*, 452 F. 3d 1097, 1103 (9th Cir. 2006).

"What constitutes a reasonable time [under Rule 60(b)(6)] depends on the facts of the case." *In re Pacific Far East Lines, Inc.*, 889 F. 2d 242, 249 (9th Cir. 1989). "To evaluate whether a party's delay in filing a Rule 60(b) motion was reasonable, we consider the party's ability to learn earlier of the grounds relied upon, the reason for the delay, the parties' interests in finality of the judgment, and any prejudice caused to parties by the delay." *Bynoe v. Baca*, 966 F. 3d 972, 980 (9th Cir. 2020).

While Zindell claims he has difficulty filing a document with the United States Supreme Court, he has not filed anything in this Court for over a year and a

4

half.  Or put another way, the record before the Court demonstrates that Zindell failed to act diligently in pursuing review of his claims in the present motion. Accordingly, the motion appears to be untimely.

But even if the Court were to find the motion timely, Zindell fails to demonstrate "extraordinary circumstances" warranting relief.  Aside from the recent documents regarding mail policy at Crossroads Correctional Center, *see* (Doc. 20-1 at 10-11), all of the exhibits provided by Zindell, and referred to in his motion, were previously considered by this Court.  It was determined that Zindell's petition was untimely, and the documents did not support an argument for equitable tolling or actual innocence.  Providing these same documents again does not support a viable basis for relief under Rule 60(b)(6).

In short, the grounds for relief advanced by Zindell do not establish "extraordinary circumstances" warranting relief from judgment under Rule 60(b)(6).

Zindell was previously denied a certificate of appealability.  *See*, (Doc. 12 at 19-20.)  For the reasons set forth herein, the Court concludes that Zindell has failed to make a showing, let alone a substantial showing, of the denial of his constitutional rights.  Accordingly, to the extent that Zindell seeks one, the Court will not entertain a renewed request for a COA.  *See, United States v. Winkles*, 795 F. 3d 1134, 1143 & n. 4 (9th Cir. 2015)(holding that a certificate of appealability is

5

required to appeal the denial of a Rule 60(b) motion in a habeas case).

Based upon the foregoing, IT IS HEREBY ORDERED:

1. Zindell's Motion to Alter the Judgment (Doc. 20) is DENIED.

2. A Certificate of Appealability is DENIED.

DATED this 15 day of June, 2026.

Donald W. Molloy, District Judge
United States District Court